IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:13-CV-574 |
| | ) |
| ENHANCED RECOVERY | ) |
| COMPANY, LLC, | ) |
| | ) |
| Defendant. | ) Jury Demanded |

## COMPLAINT

Plaintiff, Brenda Adams, by counsel, hereby brings this action for violation of Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq. ("FDCPA"), and to recover damages for the alleged conduct, and in support thereof says and alleges:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and 28 USC § 1367.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and Defendant transacts business here.

### PARTIES

3. Plaintiff, Brenda Adams ("Ms. Adams"), is a resident of the State of Indiana and resides in the Southern District of Indiana.

1

4. Defendant Enhanced Recovery Company, LLC ("Enhanced Recovery") is a Delaware Limited Liability Company, with its principal place of business located in Jacksonville, FL. Enhanced Recovery does business in the State of Indiana and in the Southern District of Indiana. Specifically, Enhanced Recovery engages in third party debt collection activity and attempts to collect debts from residents of Indiana and the Southern District of Indiana.

## FACTUAL ALLEGATIONS

5. Enhanced Recovery is a collection agency that regularly collects debts from consumers on behalf of its clients.

6. Enhanced Recovery is a debt collector as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Enhanced Recovery was retained to perform third party consumer debt collection work on behalf of its client, General Electric Capital Retail Bank ("GECRB").

8. GECRB provided Ms. Adams with a QVC credit card.

9. In its capacity, as third party debt collector for GECRB, Enhanced Recovery attempted to collect a GECRB debt from Ms. Adams.

10. On April 5, 2012, Ms. Adams filed a Chapter 7 Bankruptcy petition with docketed in United States Bankruptcy Court for the Southern District of Indiana as Case No. 12-03856-FJO-7. A true and accurate copy of the cover sheet of Ms. Adams's Chapter 7 Bankruptcy petition is attached hereto as Exhibit "A".

11. Ms. Adams's QVC debt was incurred prior to her April 5, 2012 bankruptcy petition. QVC was listed as an unsecured creditor in Ms. Adams's Chapter 7 Bankruptcy Petition. Notice was sent to the GECRB address shown on Ms. Adams's

QVC credit card bill. A true and accurate copy of the relevant portion of Schedule "F" from Ms. Adams's Chapter 7 Bankruptcy petition is attached hereto as Exhibit "B".

12. GECRB received notice of Ms. Adams's Chapter 7 Bankruptcy Petition.

13. On July 24, 2012, Ms. Adams's Chapter 7 bankruptcy was discharged. A true and accurate copy of the discharge order is attached hereto as Exhibit "C".

14. In February 2013, Ms. Adams received a collection notice from Enhanced Recovery. The notice was dated February 4, 2013, and demanded payment of the GECRB account. The notice also stated that collection efforts would cease upon full payment of the debt. A true and accurate copy of the Enhanced Recovery collection notice dated February 4, 2013 is attached hereto as Exhibit "D".

## COUNT I
### Violation of 15 U.S.C. § 1692e(2)(A), § 1692e(5), and § 1692e(10)
### False or Misleading Representations

15. Ms. Adams hereby adopts and re-alleges paragraph one (1) through fourteen (14) of her complaint.

16. Enhanced Recovery's collection notice dated February 4, 2013 was in blatant disregard and violation of the bankruptcy discharge order.

17. Enhanced Recovery had no right to attempt to collect the GECRB debt from Ms. Adams because of the operation of the bankruptcy discharge order.

18. Enhanced Recovery's attempt to collect the GECRB debt despite the operation of the bankruptcy discharge order constitutes a false representation of the amount, character, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

19. By taking collection action on behalf of GECRB against Ms. Adams despite the operation of the bankruptcy discharge order, Enhanced Recovery took collection actions that it could not legally take in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

20. By attempting to collect the GECRB debt from Ms. Adams despite the operation of the bankruptcy discharge order, Enhanced Recovery used false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

21. Enhanced Recovery's violations of 15 U.S.C. § 1692e(2)(a), § 1692e(5), and § 1692e(10) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys fees, all pursuant to 15 U.S.C. § 1692k of FDCPA.

## REQUEST FOR RELIEF

Plaintiff, Brenda Adams, hereby requests that the Court:

1. Find that Defendant's debt collection actions violated FDCPA.

2. Enter Judgment in favor of Plaintiff, Brenda Adams, and against Enhanced Recovery Company, LLC for all of her actual damages, FDCPA statutory damages, reasonable attorney's fees, and costs.

3. Grant such further just and proper relief.

## JURY DEMAND

Plaintiff, Brenda Adams, hereby demands a trial by jury.

Respectfully submitted,

NERZ WALTERMAN, P.C.


By: _____
    C. Warren Nerz, Esq. (16152-49)
    Attorney for Plaintiffs


C. Warren Nerz, Esq.
NERZ WALTERMAN, P.C.
5144 East Stop 11 Road, Suite 20
Indianapolis, Indiana 46237
(317) 885-7500